IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING

| | |
|---|---|
| AARON FREIN and BRANDI HAIR,<br><br>                Plaintiffs,<br><br>v.<br><br>HUNTER WARFIELD, INC.<br><br>                Defendant. | No.<br><br>**COMPLAINT** |

COMES NOW the Plaintiffs Aaron Frein and Brandi Hair and allege as follows:

## I.    PARTIES

1.1    Plaintiff Aaron Frein is a natural person, residing in Seattle, Washington, located in King County. Defendant Hunter Warfield, Inc. has alleged that Mr. Frein owes a consumer debt. Mr. Frein is therefore a "person" as defined by Washington's Consumer Protection Act ("CPA"); a "debtor" as defined by Washington's Collection Agency Act ("CAA"); and a "consumer" as defined by the federal Fair Debt Collection Practices Act ("FDCPA").

1.2    Plaintiff Brandi Hair is a natural person, residing in Seattle, Washington, located in King County. Defendant Hunter Warfield, Inc. has alleged that Ms. Hair owes a consumer debt.

COMPLAINT – 1

**Leonard Law**
3614 California Ave. SW, #151
Seattle, Washington 98116
Ph. (206) 486-1176
Fx. (206) 458-6028

Ms. Hair is therefore a "person" as defined by the CPA; a "debtor" as defined by the CAA; and a "consumer" as defined by the FDCPA.

1.3     Defendant Hunter Warfield, Inc. (HWI) is a for profit corporation doing business in Washington state. HWI is a corporation that uses the instrumentality of interstate commerce or the mails in its business the principal purpose of which is the collection of debts. HWI is licensed in Washington as a "collection agency" doing business out of Spokane, Washington and Tampa, Florida under UBI number 602-470-788. HWI is therefore a "collection agency" and "licensee" as defined by the CAA, a "person" as defined by the CPA, and a "debt collector" as defined by the FDCPA.

## II.     JURISDICTION AND VENUE

Jurisdiction and Venue in King County Superior Court are appropriate where the acts at issue and described herein or some part thereof occurred in King County, Washington, and where the injury to Plaintiffs or some part thereof occurred in King County, Washington, and where the Defendant is registered to do business and does business in Washington state, and where Defendant has already submitted to this jurisdiction by attempting to collect a debt in this jurisdiction, and where the Plaintiffs pray for injunctive relief. RCW 4.12.020; 4.12.025; 4.28.180; 4.28.185; and 7.40.010. The Court also has jurisdiction over this action under the CPA, which authorizes civil action brought under the CPA in the superior courts of this state. RCW 19.86.090.

## III.     FACTS ALLEGED

3.1     Plaintiffs Mr. Frein and Ms. Hair were tenants at 1400 NW 59th Street in Seattle, Washington ("1400 Apartments") in an apartment managed by Northwest Apartments (NWA).

COMPLAINT – 2

**Leonard Law**
3614 California Ave. SW, #151
Seattle, Washington 98116
Ph. (206) 486-1176
Fx. (206) 458-6028

3.2 They rented Unit 1 in the 1400 Apartments from 2015 until 2019. In 2019, Mr. Frein and Ms. Hair signed a renewal lease agreement with NWA that was effective April 1, 2019 through March 31, 2020.

3.3 During Mr. Frein's and Ms. Hair's tenancy, the apartment flooded and repairs that NWA had agreed to complete were not completed.

3.4 On October 21, 2019, Mr. Frein and Ms. Hair moved out of the 1400 Apartments and paid their rent through November 2019.

3.5 When they moved out, Mr. Frein and Ms. Hair left the apartment in very good condition and took pictures to confirm the cleanliness of the unit.

3.6 More than 20 days after Mr. Frein and Ms. Hair left the property, they received a statement from NWA dated November 22, stating that they owed $10,196.19.

3.7 The statement included charges for rent for the months of November 2019 through March 2020. The statement also included charges for flooring replacement and repair and painting of the walls.

3.8 Neither the floor nor the walls were damaged by Mr. Frein or Ms. Hair. Any damage was the result of a leak into the apartment that NWA previously acknowledged was an issue that was not caused by Mr. Frein or Ms. Hair, or normal wear and tear resulting from ordinary use over their four-year tenancy.

3.9 NWA never provided Mr. Frein or Ms. Hair an itemized statement at moveout specifically describing the condition and cleanliness of, or existing damages to, the premises and furnishings that included but was not limited to the walls, floors, countertops, carpets, drapes, furniture, and appliances.

COMPLAINT – 3

**Leonard Law**
3614 California Ave. SW, #151
Seattle, Washington 98116
Ph. (206) 486-1176
Fx. (206) 458-6028

3.10    On January 8, 2020, Mr. Frein's then attorney, Nicholas Ranallo, sent NWA a letter explaining the various ways in which NWA had violated Washington's Residential Landlord Tennant Act in its moveout procedures. The letter also disputed the charges NWA claimed Mr. Frein and Ms. Hair owed and offered to settle NWA's claim for $1600.

3.11    Mr. Ranallo also demanded that NWA preserve all documents relating to its attempts to relet the unit, which Ms. Hair and Mr. Frein vacated in October and provide information explaining why the unit had not been relet.

3.12    Plaintiffs subsequently filed a complaint with the City of Seattle Department of Construction and Inspections regarding NWA's attempts to collect more than was legally due and for failing to return Mr. Frein's and Ms. Hair's damage deposit. The City of Seattle investigated NWA's practices and found that NWA was violating the Seattle Code and Washington's Residential Landlord Tennant Act by seeking to collect more than was legally due from Mr. Frein and Ms. Hair and by failing to return or credit their damage deposit upon moveout.

3.13    On February 17, 2020, Mr. Ranallo sent another letter to NWA disputing the debt, detailing why the amount NWA claimed it was owed was not correct, and he attempted to settle the matter.

3.14    After Mr. Frein and Ms. Hair moved out in October 2019, NWA did not take reasonable steps to re-rent the unit.

3.15    Despite Seattle's very strong rental market, NWA did not re-rent the unit Mr. Frein and Ms. Hair vacated until February 20, 2020.

COMPLAINT – 4

3.16 Subsequently, NWA issued a new moveout statement to Mr. Frein and Ms. Hair dated February 14, 2020 that claimed they owed NWA $6,385.69. That amount included rent for the months of December 2019 – February 20, 2020.

3.17 Under RCW 59.18.310 where a tenant abandons a property prior to the end of a lease term the landlord is only entitled to collect "rent accrued during the period reasonably necessary to re-rent the premises at fair rental."

3.18 Around July 11, 2020, Defendant HWI sent Mr. Frein and Ms. Hair a collection letter claiming that they owed $6,385.69 to HWI's client "1400 Apartments, LLC."

3.19 HWI reported to Plaintiffs' credit reports a $6,385 claim on or around July 9, 2020. Those tradelines remain on Mr. Frein's and Ms. Hair's credit reports and are negatively impacting their creditworthiness.

3.20 On or around July 17, 2020, Plaintiffs sent HWI letters signed by each of them disputing the debt, demanding validation, and directing HWI to send all further communications to their attorney. Those letters were received by HWI on July 23, 2020.

3.21 In a letter dated July 24, 2020, HWI claimed that Mr. Frien and Ms. Hair owed $6,385.69. The validation documents contained within that letter included a statement showing that the balanced alleged included $615.00 for flooring replacement, $800.00 for move out painting and wall repair, $225.00 for move out cleaning, $8,175 for rent between November 2019 and March 2020 and other charges.

3.22 NWA's records show that it spent months remodeling Unit 1 after Mr. Frein and Ms. Hair move out and did not immediately try to re-rent the unit. The records also reveal that

COMPLAINT – 5

the apartment remodel was to update the unit, which had not been updated since 2015, and to repair damages that resulted from the flood that was not the fault of Mr. Frein or Ms. Hair.

3.23  On August 19, 2020, Mr. Frein's and Ms. Hair's attorney sent HWI a letter disputing the claim and included with that letter two letters he had sent to NWA detailing why they were not entitled to collect the amount they sought to collect.

3.24  On or around March 4, 2021, HWI assigned Mr. Frein's and Ms. Hair's account to the collection agency of Gordon Aylworth and Tami, P.C. ("GAT") to commence litigation on the account. GAT sent Mr. Frein a collection letter dated March 12, 2021 demanding $7,121.01, which included a principal balance of $6,385.69 and interest on that balance accruing between December 1, 2019 and March 12, 2021. Many of the charges that made up the principal balance were for work that was not completed or billed until February of 2020.

3.25  Because HWI was demanding amounts not legally due from the Plaintiffs and sending them threatening letters to collect an amount not owed, Plaintiffs incurred legal fees and other charges to investigate the amount HWI claimed they owed.

3.26  HWI's attempted collection of amounts not owed, and its reporting of the debt not owed on Plaintiffs' credit reports, caused Plaintiffs emotional distress in the form of fear, anger, and frustration.

3.27  On information and belief, HWI's reporting of the debt on Plaintiffs' credit reports also negatively impacted Plaintiffs' credit worthiness.

3.28  On information and belief HWI continues to collect on the account.

COMPLAINT – 6

## IV. FIRST CLAIM
### Violation of Washington's Collection Agency Act (RCW 19.16 et seq.)
### *Per Se* violation of the Washington Consumer Protection Act
### RCW 19.86 et seq.

4.1  Plaintiffs reallege and incorporate herein the above allegations.

4.2  The CPA declares "'[u]nfair methods of competition and unfair or deceptive practices in the conduct of any trade or commerce...' to be unlawful." *Evergreen Collectors v. Holt*, 60 Wn. App. 151, 154, 803 P.2d 10 (1991) (quoting RCW 19.86.020).

4.3  The CPA can be violated *per se* through the violation of a statute that is enforced through the CPA or by the commission of an unfair or deceptive practice that affects the public interest. *Blake v. Federal Way Cycle Ctr.*, 40 Wn. App. 302, 308, 698 P.2d 578, *review denied*, 104 Wn.2d 1005 (1985).

4.4  Collection agencies and debt collection are regulated in Washington by the CAA.

4.5  HWI is a licensed Washington collection agency and is a "licensee" for purposes of the CAA. HWI's business is the collection of debts from consumers.

4.6  The amounts HWI claims Plaintiffs owe or owed is a "debt" under the CAA because it is an "obligation for the payment of money or thing of value arising out of any agreement or contract, express or implied." RCW 19.16.110(2).

4.7  Plaintiffs are "debtors" as defined by RCW 19.16.100(7) because HWI alleged that Plaintiffs owe a "claim."

4.8  Washington's legislature has declared that violations of RCW 19.16.250 of the CAA by a collection agency are unfair acts or practices or unfair methods of competition in the conduct of trade or commerce and are *per se* violations of the CPA (RCW 19.86 et seq.). RCW 19.16.440.

COMPLAINT – 7

4.9     Washington's Supreme Court has declared that violations of a debt collection regulation are *per se* violations of the CPA that implicate the public interest. *Panag v. Farmers Ins. Co. of Washington*, 166 Wn.2d 27, 53, 204 P.3d 885 (2009).

4.10    HWI violated RCW 19.16.250(13), (15), (16) and (21) when it communicated with the Plaintiffs and attempted to collect amounts not actually due.

4.11    HWI's acts in violation of the CAA caused Plaintiffs harm in their business or property.

4.12    Because HWI committed *per se* violations of the CPA, it is liable to Plaintiffs for the damages that the illegal conduct caused, treble those damages up to $25,000, and Plaintiffs' attorneys' fees and costs incurred in this action. RCW 19.86.090.

4.13    There is a strong likelihood that HWI will continue to engage in the illegal conduct herein warranting an injunction against HWI's violative conduct toward the Plaintiffs and other Washington residents.

### V.     SECOND CLAIM
### Violation of the Washington Consumer Protection Act—Unfair or Deceptive Practices
### RCW 19.86 et seq.

5.1     Plaintiffs reallege and incorporates herein the above allegations.

5.2     To prove a violation of the CPA, a plaintiff must demonstrate the following five elements: "(1) [an] unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) a public interest impact; (4) [an] injury to plaintiff in his or her business or property; [and] (5) causation." *Hangman Ridge Training Stables v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780, 719 P.2d 531 (1986).

COMPLAINT – 8

5.3   HWI's collection and attempted collection of amounts not legally owed is unfair or deceptive.

5.4   HWI's actions affect the public interest both because it collects debts from Washington consumers each year and because debt collection practices that violate regulations of the collection industry affect the public interest generally.

5.5   HWI's collection conduct occurs in its trade or commerce, which is the collection of debts.

5.6   HWI's illegal efforts to collect from Plaintiffs amounts they do not owe caused injury to Plaintiffs' business or property in an amount to be proven at trial.

5.7   Because HWI's conduct is capable of repetition, it should be enjoined from all future collection in Washington state that involves the conduct alleged herein.

## VI.   THIRD CLAIM
### Violation of the Fair Debt Collection Practices Act
### 15 U.S.C. 1692 et seq.

6.1   Plaintiffs reallege and incorporate herein the above allegations.

6.2   The FDCPA regulates the debt collection activity of debt collectors seeking to collect from consumers.

6.3   The FDCPA is a strict liability statute.

6.4   The FDCPA regulates the collection activities of HWI alleged in this Complaint.

6.5   The FDCPA broadly prohibits "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

COMPLAINT – 9

**Leonard Law**
3614 California Ave. SW, #151
Seattle, Washington 98116
Ph. (206) 486-1176
Fx. (206) 458-6028

6.6     The FDCPA broadly prohibits "the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

6.7     The FDCPA prohibits "[T]he false representation of (A) the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A).

6.8     The FDCPA prohibits debt collectors from "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

6.9     The FDCPA prohibits debt collectors from reporting amounts to credit reporting agencies as being owed, when that amount is not actually owed. 15 U.S.C. § 1692e(8).

6.10    The FDCPA prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

6.11    The FDCPA broadly prohibits debt collectors from "us[ing] unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

6.12    In addition to its broad prohibition, the FDCPA specifically prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

6.13    HWI's collection conduct described herein violated the FDCPA, including all of the sections and subsections listed herein.

6.14    As a proximate result of the actions and/or omissions of HWI Plaintiffs have suffered actual damages, stress, anxiety, frustration, and anger.

COMPLAINT – 10

**Leonard Law**
3614 California Ave. SW, #151
Seattle, Washington 98116
Ph. (206) 486-1176
Fx. (206) 458-6028

6.15     Under the FDCPA, HWI is liable to Plaintiffs for their actual damages (including emotional distress), any additional damages as the court may allow, and the costs of the action, together with a reasonable attorneys' fees as determined by the court. 15 U.S.C. § 1692k(a).

6.16     HWI's violations of the FDCPA are *per se* violations of the CPA.

## VII.     PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against HWI as follows:

a. Actual damages in an amount to be fully proven at trial;

b. Treble damages under the Washington CPA RCW 19.86.090;

c. Statutory damages under the FDCPA, 15 U.S.C. §1692k(a)(2)(A);

d. Injunctive relief enjoining HWI from engaging in the unlawful conduct described herein;

e. Prejudgment interest;

f. Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), RCW 19.86.090;

g. For such other relief as may be just and equitable.

DATED this 6th day of May 2021.

s/ Sam Leonard
Sam Leonard, WSBA #46498
Leonard Law
3614 California Ave. SW, #151
Seattle, Washington 98116
Ph: 206-486-1176
Fx: 206-458-6028
Email: sam@seattledebtdefense.com

*Attorney for Plaintiffs*

COMPLAINT – 11